(12 Misc. Rep. 384.)

HENNESSEY v. PAULSEN et al.

(Superior Court of New York City, General Term. May 6, 1895.)

EJECTMENT—PARTIES—OCCUPANT OF PREMISES.

    Under Code Civ. Proc. § 1502, providing that when the complaint demands immediate possession the occupant must be made defendant, it is no defense to such action that another occupant, claiming a several right in the property, was not made defendant, as the statute is not for the benefit of the occupants who are made defendants, but only for the benefit of those who are not made defendants.

    Appeal from special term.

    Ejectment by John Hennessey against Martin Paulsen and others. From a judgment overruling a demurrer to a part of the answer, plaintiff appeals. Reversed.

    Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

    John Townshend, for appellant.

    John Vincent, for respondents.

    SEDGWICK, C. J. The action is in ejectment. The complaint avers that the defendants wrongfully entered into and upon, and took possession of, the lots of land described, etc., and have ever since continued, and still continue, to wrongfully hold and possess the same adversely to the plaintiff. The answer alleged, "for a further and separate defense, that there is a defect of parties defendant hereto, in that at the time of the commencement of this action one John Mulhall was, and now is, an occupant of a part of the premises described in the complaint, as a tenant of one Rachel Duffy, who was, and still is, the legal owner and in possession of the whole of said premises, and neither of said persons has been made a party defendant herein." To this the plaintiff demurred on the ground that the matter above in the answer was insufficient as a defense. The decision dismissed the complaint. It also adjudged that the action be divided into two actions, with the above-named defendants as parties defendant in one of such actions, and all the remaining defendants as parties defendant in the other of such actions; that the plaintiff be, and he hereby is, allowed to proceed herein, as he may be advised, against such others as are not above enumerated, as if this action was an original and separate action against them. It will be seen, by section 1516, Code Civ. Proc., that the latter provision of the judgment for a division of actions in ejectment is for plaintiff's benefit, and the claim for a division is to be made by the plaintiff. Moreover, it is inconsistent with the defendant having final judgment that the complaint be dismissed, as in this case. This part of the judgment should be reversed.

    The sufficiency of the answer is placed upon section 1502, Code Civ. Proc.: "Where the complaint demands judgment for the immediate possession of the property if the property is actually occupied, the occupant thereof must be made defendant in the action." For whose benefit this enactment was made, is a fundamental question. I confine the determination of this to this case as it is. The

complaint alleges that the six defendants are in the wrongful pos-session of the premises. From the course of counsel in the argument, it is to be taken that the defendants were charged as actual occupants of the whole of the premises. The answer avers that John Mulhall is the actual occupant of part of the premises. The question is not what bearing this has upon the plaintiff's right to recover, or the quantity he may recover, but whether, in the absence of Mulhall as a defendant, the plaintiff can recover anything. It seems clear that he can. He can recover a judgment against the defendants for a right to the possession of that part of the premises which they wrongfully occupy, or the whole, according to the proof. It would be the same if Mulhall were a defendant, and if he established his right to a part the original defendants would not be helped, for they could prove that without his presence. The rights of Mulhall, if he have any, are distinct and separate from those of the original defendants. The presence of either as party defend-ant is not necessary to the preservation of the full rights of the other. The present defendants could do all by proof that could be done, were Mulhall a party. On the other hand, Mulhall, consid-ered as an occupant, has the legal right to be made a party to any action which may have the effect of taking his right of occupation. To accomplish that, he must be made a party. In this is the pur-pose of the section. He is not injured or affected by a judgment against other parties. He has a right several from those other par-ties. The other parties are not affected by his not being made a de-fendant. In my opinion, the section, in a case like the present, is not meant to require that, if one occupant be sued, another occupant, not sued, must be made a defendant; but it means that, for an ac-tion of ejectment to be valid as to the property claimed, an occupant of that property must be a defendant. It would be a defense for other defendants that they are not occupants, in whole or in part. It would not be a defense that an occupant who claims a several right in the property should be made a party before the action could proceed against other occupants. I therefore think that the section was not made for the benefit of occupants made defendants, but for the benefit of an occupant not made a defendant. The decision must be confined to a case where the occupant not a party has a sev-eral right. The plaintiff was not bound to make Rachel Duffy, the landlord of Mulhall, a party. Judgment should be reversed, with costs of the appeal, and demurrer sustained, with costs. All concur.